**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christa Eastes, | No. CV-18-00013-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On February 14, 2020, Plaintiff's counsel ("Counsel") filed a request for attorneys' fees under 42 U.S.C. § 406(b). (Doc. 30.) On February 27, 2020, the Court ordered Counsel to file a supplement containing a record of the hours spent representing Plaintiff in this matter, to aid the Court's assessment of the reasonableness of the fee yielded by the fee agreement, by March 13, 2020. (Doc. 32 at 2.) Counsel failed to file the supplement, so on April 27, 2020, the Court ordered that the request was denied for failure to comply with the order to supplement. (Doc. 33.)

On May 4, 2020, Counsel filed a "second motion for an award of attorneys' fees under 42 U.S.C. § 406(b)," which apologizes and explains that Counsel missed the deadline to supplement due to a failure to calendar the deadline during the tumult of transitioning to a work-from-home arrangement necessitated by the COVID-19 pandemic.

A renewed motion seeking the same relief after a previous motion was denied without an express grant of leave to refile is generally impermissible, but Counsel's

May 4, 2020 motion can be construed as a motion for extension of the deadline to supplement pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993).

Here, the delay of less than two months has caused no issues, as this case is closed, and there is no danger of prejudice to Defendant or Plaintiff as a result of the delay. The Ninth Circuit has held that calendaring errors can constitute excusable neglect. *See, e.g.*, *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016), *cert. denied,* 137 S. Ct. 1581 (2017) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to [relief under the Pioneer test]."). Moreover, the pandemic has caused untold disruption and stress across the globe, and a calendaring error is particularly understandable under the circumstances. There is no evidence of bad faith. All four *Pioneer* factors favor granting the motion to extend the deadline to supplement.

Counsel has now submitted the supplement (Doc. 34-1), and the timesheet reveals no reason for reducing the requested fee amount. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Therefore, for the reasons discussed in this order and the Court's February 27, 2020 order, the fee request in the amount of $13,394.75 will be granted.

Accordingly,

**IT IS ORDERED** that Counsel's May 4, 2020 motion, which is construed as a motion for extension of the deadline to supplement (Doc. 34), is **granted**.

**IT IS FURTHER ORDERED** that the Court's April 27, 2020 order denying the

request for fees due to failure to supplement (Doc. 33) is **vacated**.

**IT IS FURTHER ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 30) is **granted** in the amount of $13,394.75.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 5th day of May, 2020.

Dominic W. Lanza
United States District Judge